M'Kean, Chief Justice:
—It occurred, at once to the Court, that, if the objection was not made too late, it must prevail. There is nothing, however, on the record to shew, that the parties were both fully heard upon executing the writ of inquiry ; and, after an interlocutory judgment, the inquest were bound to give some damages. There is, likewise, in the nature of the subject, in reason, and in law, a material difference between a verdict, which is obtained upon a public trial in open Court, where counsel are employed to investigate the merits, and Judges to superintend the decision, of the cause,—and a verdict, which is obtained on a writ of enquiry, issued ex parte, and executed without such important aids to enlighten and direct the judgment of the inquest. In the present instance, in may be remarked, that great injustice might be done to the defendant ; for, if the note should, by any means, get again into Vuyton’s hands, and he should sue upon it, could a judgment in favor of the present plaintiff be pleaded in bar so that action ?
*252 It is a general rule, that any exception which may be taken advantage of on a writ of Error, may, also, be taken advantage of, on a motion in arrest of judgment. By the declaration, it appears, that the party had not a cause of action; since the promissory note is there stated to have been made payable to Vuyton only, and not to his order. For this defect of title (which will be apparent from the record whenever, and wherever, it may be examined) there is no doubt the judgment would be reversed on a removal into the High Court of Errors and Appeals : And, if it would be sufficient ground to reverse, I repeat, that it is a sufficient ground to arrest, the judgment.
Judgment arrested.