William LEDGER, Jay Somers, Otto Bauer, Kenneth Nelson, Werner Jensen, Willard Johnson, John Austin, Eugene Johnson, Francis Gohla, Clarence Riddle, Dennis Mackin and Jane Robinson, Plaintiffs-Appellants,

v.

CITY OF WAUPACA BOARD OF APPEALS, Defendant-Respondent.

Court of Appeals

*No. 87-2091. Submitted on briefs June 24, 1988.—Decided August 18, 1988.*

(Also reported in 430 N.W.2d 370.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Richard J. Carlson* and *Patterson, Jensen, Wylie, Silton & Seifert, S.C.*, of Appleton.

For the defendant-respondent the cause was submitted on the brief of *Laurie W. Anderson*, of Waupaca.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.  William Ledger and other property owners in the City of Waupaca appeal from a judgment affirming a decision by the city's board of appeals to issue a permit for construction of an apartment building. The board upheld the city building inspector's grant of the permit even though the proposed development did not conform to limitations on the use of the property contained in a city zoning ordinance. The building inspector's action was based on his determination that the ordinance was vague and arbitrary, and thus invalid. By affirming the inspector's determination without comment, the board implicitly ruled to the same effect.

We consider the dispositive question to be: Did the zoning board of appeals have authority to declare a portion of a city ordinance invalid? We conclude that the board lacked the authority to do so, and we therefore reverse.

In 1972, Kenneth Petersen, then the owner of the land in question, petitioned the city to rezone the property from single-family residential to multiple-family residential. As part of the process, Petersen appeared before the city council on June 20, 1972, in support of his petition. The minutes of the meeting indicate that he provided the council with a sketch of a thirteen-unit apartment building for the site, although the record is not clear as to the precise nature of the materials submitted. The city plan commission recommended that the rezoning be approved conditioned upon Petersen's compliance with the plans as submitted to the council, and that should there be any deviation from those plans, the property should auto-

matically revert back to the single-family residential zoning classification.

The city attorney drafted an ordinance rezoning the property to multiple-family residential "subject to ... further restrictions and conditions." The conditions were stated as follows: "According to plans and specifications submitted to [the] Council at its meeting on June 20, 1972 [and] ... if the foregoing restrictions and conditions are not complied with, then and in such event the zoning shall revert back to 'Single Family Residential District.'" The council adopted the ordinance.

Petersen eventually sold the land to the Anderson Brothers Construction Company, which planned to proceed with a large apartment project on the property. In 1986, after Anderson Brothers had approached the building inspector regarding the project, it was discovered that the sketch and whatever other documents, if any, Petersen submitted to the city council in connection with the rezoning of the property some nine years earlier had been lost or misplaced. They are not part of the record and the parties have been unable to produce them.

After discovering the loss, the building inspector asked the city attorney whether a permit for the Anderson Brothers project—which involved construction of many more than the thirteen units proposed by Petersen in his appearance before the city council in 1972—could be granted in light of the conditions in the ordinance. The city attorney told the inspector that the permit could issue because, in his opinion, the conditions were invalid, and the council had acted improperly in adopting the ordinance. The building inspector then issued the permit.

Ledger and the other area residents appealed to the board of appeals, arguing that issuance of the permit contravened the ordinance. At the hearing on the appeal, the building inspector argued that because the conditions contained in the ordinance were "arbitrary" and "not legal," Anderson Brothers could obtain a permit without complying with them. The board affirmed the inspector's decision without discussion or comment. Ledger and the others sought judicial review of the board's decision, and the circuit court ruled that the ordinance conditions were arbitrary and unenforceable, and that because they could be severed from the remainder of the rezoning ordinance, the permit had been properly granted.

The parties frame the underlying issue as whether a zoning board of appeals has the "authority to declare part of a duly adopted ... zoning ordinance arbitrary and invalid." Unfortunately, resolution of this issue—which, as we have said, disposes of the appeal—will be of no great assistance to the parties, for it reaches neither the validity of the ordinance nor the impasse caused by the disappearance of the documents on which the ordinance conditions are based. Those problems remain for resolution by the Waupaca City Council or in appropriate legal proceedings to determine and declare the validity—or invalidity—of the ordinance.

■

We begin, therefore, with a brief discussion of what this case is about, and what it is not. This is not an action to declare the ordinance void and unenforceable. Declaratory judgment proceedings, in which evidence may be taken on all of the underlying facts, are available to test the validity of laws and ordinances. This action is one for certiorari review of the

board's decision to affirm the issuance of the Anderson Brothers permit; and the plaintiffs' challenge to that decision is that it was beyond the board's authority. Certiorari proceedings are limited to the record made before the administrative body and are quite narrow in scope. The reviewing court is limited to determining four issues: (1) whether the board acted within its jurisdiction and authority; (2) whether it proceeded on a correct theory of law; (3) whether its action was arbitrary, oppressive or unreasonable; and (4) whether the evidence was such that the board might reasonably make the determination it did. *State ex rel. Geipel v. Milwaukee,* 68 Wis. 2d 726, 731, 229 N.W.2d 585, 588 (1975).

In this case, the board made no factual findings, but merely heard arguments from the building inspector and the city attorney that the ordinance was invalid, and from Ledger's attorney that it was not. The board also received statements from various private citizens on the question of whether the permit should be issued. Then, without comment or explanation, the board voted to uphold the building inspector's action. There are, therefore, no evidentiary questions involved in the case, and neither party has claimed that the board's action was "arbitrary, oppressive or unreasonable." Given the limited scope of certiorari review, that leaves only the question of whether the board's decision was one it had the legal authority to make.

As a result, and given the manner in which this dispute proceeded before the board and the method of review chosen by the parties, our consideration of the case is limited to a single issue: whether the board had the legal authority to rule that a portion of a duly-enacted city rezoning ordinance was invalid and

261

unenforceable. As we have said, we believe the board lacks that power. And while this will not end the dispute over the Waupaca ordinance, it is the only question the parties have properly placed before us.

Whether an act is within or exceeds the authority of a governmental agency is a question of law. We decide such questions independently, without deference to the circuit court's decision. *Board of Regents v. Wisconsin Pers. Comm.,* 103 Wis. 2d 545, 551, 309 N.W.2d 366, 369 (Ct. App. 1981). Nor do we owe any deference to the decision of the board in this case. First, the reasons for its action are wholly unexplained. Second, and more important, there were no factual or policy determinations at stake in the board's ruling. It is true that we will defer to a degree to administrative agencies when they act in matters within their field of expertise, *Dept. of Revenue v. Milwaukee Refining Corp.,* 80 Wis. 2d 44, 48, 257 N.W.2d 855, 857–58 (1977), or where their legal rulings are closely intertwined with findings of fact. *Kimberly-Clark Corp. v. LIRC,* 138 Wis. 2d 58, 66, 405 N.W.2d 684, 688 (Ct. App. 1987). We will also defer in some cases when the ruling reflects a value or policy determination within the scope of the agency's authority. *Applied Plastics, Inc. v. LIRC,* 121 Wis. 2d 271, 276–77, 359 N.W.2d 168, 171 (Ct. App. 1984). In this case, however, no facts were heard, considered or determined by the agency. Its decision to affirm the issuance of the permit was grounded solely on its agreement with the building inspector's determination that the ordinance was legally unenforceable— that it could be ignored with respect to Anderson Brothers's application for the permit. That is a legal determination, and we review it *de novo.*

City zoning boards of appeal have the following powers under sec. 62.23(7)(e)7, Stats:

> To hear and decide appeals where it is alleged there is error in any ... determination made by an administrative official in the enforcement of this section or of any ordinance adopted pursuant thereto; to hear and decide special exception to the terms of the ordinance upon which such board is required to pass under such ordinance; to authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in practical difficulty or unnecessary hardship ....

Such boards are creatures of the legislature, not unlike state administrative agencies. As such, their powers are limited by the statutes creating them and defining their authority. "Every administrative agency must conform precisely to the statutes from which it derives power." *Mid-Plains Telephone v. Public Serv. Comm.,* 56 Wis. 2d 780, 786, 202 N.W.2d 907, 910 (1973). Moreover, the powers of such agencies are legislative, not judicial in their nature. *Clintonville Transfer Line v. Public Service Comm.,* 248 Wis. 59, 69, 21 N.W.2d 5, 11 (1945). They do not include the authority to ignore or invalidate any part of a duly adopted zoning ordinance. 3 Yokley, *Zoning Law and Practice,* sec. 19–2, at 200 (4th ed. 1979). The board must accept the ordinance as written. 3 Rathkopf, *The Law of Zoning & Planning,* sec. 37.02(8), at 37–37 (1988).

The Wisconsin Supreme Court has recognized similar limitations on zoning boards. In *State ex rel.*

*Tingley v. Gurda,* 209 Wis. 63, 67–68, 243 N.W. 317, 319 (1932), their powers were explained as follows:

> However, if it be assumed that ... it was intended to confer upon the board of appeals power to waive exact compliance with some detail of the ordinance, it would hardly go to the extent of authorizing the board to work substantial amendments to the ordinance, or to ignore it altogether, or to accomplish its repeal. *The ordinance stands as the act of the legislative body of the city, and it is hardly to be assumed that the legislature intended to clothe a mere administrative agency with the power to repeal the legislative acts of the city council.* Similarly, it is not to be assumed that the legislature intended to confer upon the board of appeals the judicial power to declare the ordinance unconstitutional.
>
> It has been held that zoning boards of adjustment are not created as appellate bodies, and that legal or constitutional questions involved in zoning requirements are not a subject matter for the determination of such boards, but must be presented for consideration to the proper legal forum. It seems that, generally, their powers of review are limited to practical difficulties, or unnecessary hardship, in the way of carrying out the strict letter of the law. (Emphasis added.)

In a later case, *Kmiec v. Town of Spider Lake,* 60 Wis. 2d 640, 645–46, 211 N.W.2d 471, 473 (1973), the court described *Tingley* as holding that "administrative zoning boards were not intended to pass upon legal and constitutional questions relating to the validity of ... zoning ordinance[s]" and went on to state:

264

The zoning ordinance of the town of Spider Lake stands as a legislative act of the town. The review boards are administrative agencies which have been created by the same legislative body. *Such administrative agencies are clothed with no right to repeal or declare unconstitutional zoning ordinances enacted by the legislative body from which it derives its existence. Kmiec,* 60 Wis. 2d at 646, 211 N.W.2d at 473–74 (emphasis added).

Courts in other states have reached similar results. In *Boomhower v. Cerro Gordo County Board of Adjust.,* 163 N.W.2d 75, 77 (Iowa 1968), the Iowa Supreme Court held that:

Amendment of a zoning ordinance is a legislative function placed in the board of supervisors. The board [of appeals] which is granted quasi-judicial and administrative function was not given and should not have veto power over the legislative body. The board ... is established to prevent injustice being done to those persons not fitting within the zoning ordinances as adopted by the board of supervisors. It is to help make workable the ordinances and not to sit as a judicial body to determine the propriety of their adoption. Parties who claim such ordinance or amendment thereto is arbitrary or capricious should seek relief in the courts ....

*See also Bearce v. Zoning Board of Appeals of Brockton,* 219 N.E.2d 15, 17 (Mass. 1966) ("The powers of the board of appeals ... do not include the power to nullify acts of the local legislative body which is charged ... with the adoption and amendment of zoning ordinances."). We agree with those statements.

■ . The board attempts to distinguish *Tingley* and, by implication, *Kmiec* and similar cases, on the basis that they involved claims that a board could (or could not) declare ordinances unconstitutional, whereas here the board did not address any specific constitutional issues, but rather nullified the ordinance simply because it was "arbitrary." It is a distinction without a difference. As we have said, the board of appeals is a creature of the legislature and, as such, it has only such powers as the legislature has seen fit to give it. *Brown County v. H&SS Department,* 103 Wis. 2d 37, 43, 307 N.W.2d 247, 250 (1981). We see nothing in sec. 62.23(7)(e)7, Stats., that would authorize the board to do what it has done in this case, and we find the court's statement of the common law limitations on the board's powers in *Tingley* and *Kmiec* to be persuasive. In ruling as it did, the board exceeded its powers, and its action cannot stand.

*By the Court.*—Judgment reversed.