TOWN OF HUDSON, a corporate body by its Town
Board of Supervisors, Plaintiff-Respondent,

v.

HUDSON TOWN BOARD OF ADJUSTMENT and J.
Joseph Daly, in his capacity as Chairman, Defendants,

TRANSPORT CORPORATION OF AMERICA, INC.,
Intervening Defendant-Appellant.

Court of Appeals

*No. 90-0287. Submitted on briefs July 23, 1990.—Decided
September 25, 1990.*

(Also reported in 461 N.W.2d 827.)

On behalf of the intervening defendant-appellant, the cause was submitted on the briefs of *Stephen J. Dunlap* of Hudson.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *Scott R. Needham* of *Reinstra, Van Dyk & Needham, S.C.* of New Richmond.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. Transport Corporation of America, Inc., appeals a circuit court judgment reversing the Town of Hudson Board of Adjustment's (BOA) decision to grant Transport a special exception permit and reinstating the Hudson Town Board's decision to deny the permit. The court, concluding that the BOA lacked the authority to conduct a de novo hearing, reviewed the town board's decision and found that its denial of the permit was not clearly erroneous. We affirm.

Transport operates a truck service center in Hudson. Services that are currently provided include: hiring, orientation and training of over-the-road drivers; administrative driver services such as insurance, payroll and counseling; facility operations; and parking for tractors and trailers. The service center is located in Hudson's commercial district pursuant to a previous special exception permit.

Transport applied for another special exception permit so it may add 5.2 acres of land upon which it would construct a second building. The proposed expansion would provide additional services, such as light maintenance work, refueling, and more parking and clerical functions.

After the town board denied Transport's application for a permit to add adjoining land to its facility, it submitted a second application to the town board that was given to the Town of Hudson Zoning and Planning Commission for a recommendation. The committee recommended to the town board that it approve the special exception, subject to fourteen specified conditions. After a public hearing, the town board voted unanimously to deny the permit. Transport appealed the town board's decision to the BOA. After a de novo-type hearing, the BOA overruled the town board and granted the permit subject to conditions.

The town board filed a petition for a writ of certiorari with the circuit court for St. Croix County.[1] The court concluded that the BOA should have conducted a certiorari-type review of the town board's decision, and thus the BOA had exceeded its authority. The court then reviewed the town board's decision by certiorari and, upon finding sufficient reasons for its decision to deny the exception, upheld it. We conclude that the statutes authorize the town board preemptive power to grant special exceptions if the town so chooses by ordinance. We also conclude that the BOA cannot review a town board's actions if such a preemptive ordinance is adopted.[2]

---

[1] Transport intervened as a defendant.

[2] Preemption is discretionary in that the statute retains the BOA's power to grant a permit in the absence of local ordinance transferring this power to the town board (common council).

Section 62.23(7)(e)1, Stats.,[3] authorizes either the town board[4] or the BOA[5] to grant special exceptions. According to Transport, however, the BOA has final authority in the process regardless of the town board's decision, and to the extent that the town ordinances may deviate from this statutory authorization, they are invalid.

The town board and the BOA are creatures of the legislature. *Ledger v. Waupaca Bd. of Appeals,* 146 Wis. 2d 256, 263, 430 N.W.2d 370, 372 (Ct. App. 1988). Their powers are limited by the statutes creating them and

---

[3]Section 62.23(7)(e)1 provides:

The council which enacts zoning regulations pursuant to this section shall by ordinance provide for the appointment of a board of appeals, and shall provide in such regulations that said *board of appeals may,* in appropriate cases and subject to appropriate conditions and safeguards, *make special exceptions* to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained. *Nothing in this subdivision shall preclude the granting of special exceptions by the city plan commission or the common council in accordance with the zoning regulations* adopted pursuant to this section which were in effect on July 7, 1973 or adopted after that date. (Emphasis added.)

[4]The Hudson Town Board is a municipal body with the same powers as a "city plan commission" or "common council" as the terms are used in sec. 62.23(7)(e)1, Stats. This statute, although included in the code labeled "Cities," applies to Hudson because its electors adopted village powers pursuant to secs. 60.10(2)(c) and 60.22(3), Stats., which provide that a town may exercise village powers conferred on a village board under ch. 61, Stats. Pursuant to sec. 61.35, the provisions of sec. 62.23 apply to villages. Therefore, Hudson's zoning authority is governed by sec. 62.23(7). No challenge has been made to this authority.

[5]The board of adjustment is Hudson's "board of appeal" set up pursuant to the zoning enabling statute, sec. 62.23(7)(e)7, Stats.

defining their authority. *Id.* "Every administrative agency must conform precisely to the statutes from which it derives power." *Mid-Plains Tele. v. PSC,* 56 Wis. 2d 780, 786, 202 N.W.2d 907, 910 (1973). Accordingly, we must determine the statutorily authorized respective power of the town board and the BOA pursuant to sec. 62.23(7)(e), Stats.

The construction of a statute is a question of law that we review de novo. *Sturgis v. Neenah Bd. of Canvassers,* 153 Wis. 2d 193, 198, 450 N.W.2d 481, 483 (Ct. App. 1989). We will not look beyond the plain meaning of a statute unless it is ambiguous. *Id.* A statute or part of it is ambiguous if it is capable of being understood by a reasonably well-informed person in more than one way. *Id.* We hold that sec. 62.23(7)(e)1, Stats., is ambiguous insofar as it relates to which body has the final authority to allow applications for special exception permits because reasonably well-informed persons could arrive at different conclusions.

The first sentence of sec. 62.23(7)(e)1, Stats., states that the BOA shall have the authority to make special exceptions. The second sentence, presumably added in response to case law discussed later herein, grants the same authority to the common council (or town board). The ambiguity arises because the statute does not articulate the relationship between the two bodies. Accordingly, we need look beyond the statutory language to ascertain the meaning of sec. 62.23(7)(e)1.

Section 62.23(7)(e)1, Stats. (1971), originally read:

> The council which enacts zoning regulations pursuant to this section shall by ordinance provide for the appointment of a board of appeals, and shall provide in such regulations that said board of appeals may, in

appropriate cases and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained.

The supreme court had interpreted this statute as granting a board of appeals the exclusive authority to allow special exceptions. *State ex rel. Skelley Oil Co. v. Common Council,* 58 Wis. 2d 695, 703, 207 N.W.2d 585, 588 (1973).

In *Skelley,* the court considered Skelley's challenge to the city of Delafield's procedure used in denying Skelley's request for a special exception. Pursuant to Delafield ordinances, the planning commission initially made the decision to deny the special exception and, on appeal, the common council affirmed. No board of appeals was involved in the process. The court found that this procedure violated sec. 62.23(7)(e)1, Stats. (1971), because a board of appeals was the only body the statute authorized to allow special exceptions. *Skelley,* 58 Wis. 2d at 703, 207 N.W.2d at 588.

The *Skelley* court suggested that the vesting of exclusive authority in a board of appeals to pass upon special exceptions was not the most desirable procedure and that a better procedure might be to grant this authority to the municipality as it was "better suited" to the complicated task of providing for effective city planning. *Id.* at 703, 207 N.W.2d at 588. The court's logic in making this suggestion was that the municipality is " 'continuously involved in the process of recommending legislative changes in the zoning ordinance and therefore more apt to be conversant with the "purpose and intent" of the ordinance than the board of zoning appeals . . ..' " *Id.* at 703, 207 N.W.2d at 588 (quoting Cutler, *Zoning Law and Practice in Wisconsin* sec. 11 at 37 (1967)).

Furthermore, the court noted that vesting such authority in a municipality is consistent with the purpose of a special exception, which is to enable a municipality to exercise some measure of control over certain uses that could have a negative effect on the community if permitted to exist in large numbers. *See Skelley,* 58 Wis. 2d at 700–01, 207 N.W.2d at 587. The court then recognized that regardless of the potential merits of a procedure, the court could not uphold it because to do so would in effect amend the statute and only the legislature could do so. *See id.* at 703, 207 N.W.2d at 588.

Approximately one month after *Skelley* was decided, the legislature amended sec. 62.23(7)(e)1, Stats., with the provision: "Nothing in this subdivision shall preclude the granting of special exceptions by the city plan commission or the common council in accordance with the zoning regulations adopted pursuant to this section which were in effect on July 7, 1973 or adopted after that date." The legislature is presumed to act with knowledge of the decisions of the supreme court in existence at the time it passes a law. *Glinski v. Sheldon,* 88 Wis. 2d 509, 519–20, 276 N.W.2d 815, 820 (1979).

In spite of the 1973 amendment, however, Transport argues that sec. 62.23(7)(e)8, Stats., unequivocally preserved the BOA's final authority to grant special exceptions.[6] We disagree. This subsection refers to appeals from administrative officers of the city delegated

---

[6]Section 62.23(7)(e)8 provides:

In exercising the above mentioned powers such board may, in conformity with the provisions of such section, reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from, and make such order, requirement, decision or determination as ought to be made, and to that end shall

to make zoning decisions. *See* sec. 62.23(7)(e)4, Stats. The review powers of the BOA found in sec. 62.23(7)(e)8 conclude with the directive "and to that end shall have all of the powers of the *officer* from whom the appeal is taken . . .." (Emphasis added.) The appeal power of the BOA does not extend to review of the town board itself in matters of special exception permits issued under sec. 62.23(7)(e)1.

Accordingly, we construe sec. 62.23(7)(e)1, Stats., as essentially adopting the court's rationale in *Skelley,* which allows a municipality to authorize, by ordinance, a town board the exclusive power to consider applications for special exception permits.[7]

We must next look at the Hudson zoning ordinances to determine whether it granted the town board the authority to consider applications for special zoning permits. Town of Hudson Ordinance 4.5. governs special exceptions. It sets out, in part, that "[p]rovision has been made in this ordinance for the determination of such cases *by the Town Board* as special exceptions." (Emphasis added.) Section 4.5.1. of the ordinances lists the general standards that must be met in order for a permit to be granted.[8] The general procedure for apply-

have all the powers of the officer from whom the appeal is taken, and may issue or direct the issue of a permit.

[7]The amended statute differs from *Skelley* only in that the BOA still retains authority to issue special exception permits absent action by the municipality in the form of an ordinance granting the power to the town board.

[8]Section 4.5.1. provides:

(1)   No grant of a special exception shall violate the spirit or general intent of this ordinance.

(2)   No special exception shall be allowed which would be contrary to the public health, safety, or general welfare, or which would

273

ing for a permit, set out in sec. 4.5.2., states that "[a]pplication for . . . special exception may be allowed *only upon application to the Town Board . . ..*" (Emphasis added.) The town board therefore has the authority contemplated by the amended statute.

We turn next to the BOA review of the town board's decision. Article 5., sec. 5., of the BOA bylaws[9] sets out the procedure for appeal of a town board's decision regarding an application for a special exception permit. It states in part:

> SECTION 5. SPECIAL EXCEPTION APPEALS
> The Town Zoning Ordinance *makes the issuance of special exceptions a decision for the Town Board,* after a public hearing. This procedure contemplates that a hearing record will be available for review, and a hearing will already have been conducted by the time an appeal is taken to the Board. In this situation, it *is the function of the Board to review the record on which the Town Board decided and not to consider new substantive evidence.*
>
> Once a decision has been made on standing, the Board Chairperson shall request, when appropriate, that the Town Clerk submit the record of the special exception proceedings for Board review.
>
> . . ..
>
> At the Board meeting, only Board members shall make inquiry of any witnesses whose presence it

be substantially adverse to property values in the neighborhood affected.

(3) No use shall be permitted by special exception that would constitute a nuisance by reason of noise, dust, smoke, odor or other similar factors.

[9]Town of Hudson Ordinance 4.4.2. states that the board of adjustment "shall adopt rules for its government and procedure . . .."

274

requests, and those questions shall be directed at *record clarification, not to gather new substantive evidence.* The task of the Board of Adjustment in its review of a special exception proceeding is to review the record, review the written objections and responses and determine whether the evidence is such that the Town Board could reasonably have made the decision that it reached, whether the Town Board's action was arbitrary, unreasonable, represents an abuse of its discretion or is clearly erroneous. (Emphasis added.)

■

The BOA bylaws are in excess of its statutory powers.[10] Insofar as there is no statutory authorization for BOA review of the town board, any certiorari-type review is the function of the circuit court and, if appealed, this court. *See generally Snyder v. Waukesha County Zoning Bd. of Adjust.,* 74 Wis. 2d 468, 475–76, 247 N.W.2d 98, 102–03 (1976).

■

We therefore proceed, as did the circuit court, with such a review. Transport argues that, based on the evidence, the permit could not be denied, by whichever body had the proper authority to grant it, because Transport complied with the criteria set out in Hudson's zoning ordinances. We are strictly limited when reviewing pursuant to a writ of certiorari to determine whether: (1) the town board kept within its jurisdiction; (2) the town board proceeded on the correct theory of law; (3) the town board's action was arbitrary, oppressive or unreasonable; and (4) the evidence was such that it might reasonably have made the determination in ques-

---

[10]The invalidity of this portion of the BOA bylaws does not affect the remainder of the bylaws or the town ordinances. *See* Town of Hudson Ord. 1.3. (severability).

tion. *Dolphin v. Board of Review,* 70 Wis. 2d 403, 408, 234 N.W.2d 277, 280 (1975). In applying this standard of review on certiorari, we are hesitant to interfere with the zoning decision of the town board and will not substitute our discretion for that committed to the town board by the legislature. *See Snyder,* 74 Wis. 2d at 476, 247 N.W.2d at 103. We accord the decision of the town board a presumption of correctness and validity. *Id.*

We have already determined that the town board had jurisdiction. The next question we address is whether the town board proceeded on the correct theory of law in reaching its decision. The town board considered the application in light of sec. 4.5.1., which sets out the general standards that must be met. This was the correct standard of law for the board to apply.

The third question we address is whether the decision was arbitrary, oppressive or unreasonable. The town board's decision will be held to be arbitrary or capricious if it is without a rational basis. *Snyder,* 74 Wis. 2d at 476, 247 N.W.2d at 103. When the town board granted Transport the original permit for its current service center in 1987, it stated that if any expansion occurred in the future another special exception would be required because it did not wish for this facility to be expanded with more truck traffic. The first time the town board denied Transport's new application, the motion to deny included the statement that "[w]e have an area congested with trucks . . . now and we do not wish to compound the problem." These statements support a conclusion that the board had a reasonable basis upon which to deny the special exception. Transport argues that since the town board failed to make formal, written findings, it did not provide a rational basis for its decision. We do

not agree. The transcribed minutes of the town board's meetings set out the aforementioned rationale.

The fourth step in the certiorari review is related to the third. In analyzing whether the town board had a rational basis upon which to make its determination, we look to see whether there is any reasonable view of the evidence to support that determination. *See id.* Transport argues that the town board improperly relied on personal knowledge and thus lacked the requisite evidence necessary to uphold its decision. We disagree.

We give deference to the town board's decision and attach a presumption of validity to it. *Id.* Based upon Transport's application that stated that there will be additional truck parking, along with the new services of truck maintenance and refueling, it was reasonable for the town board to infer that there would be additional truck traffic in Hudson and that this does not conform to sec. 4.5.1., which states that special exception permits shall not be "allowed which would be contrary to the public health, safety, or general welfare . . .."

Transport finally argues that if it was not entitled to administrative review under ch. 62, Stats., then the contested case procedure set out in ch. 68, Stats., applies. Because this issue was raised for the first time on appeal, we will not address it. *Wirth v. Ehly,* 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145-46 (1983).

*By the Court.*—Judgment affirmed.