**HARTLAND SPORTSMAN'S CLUB, INCORPORATED, Plaintiff–Appellant,**

v.

**TOWN OF DELAFIELD, Robert T. Audley, individually and in his capacity as Supervisor of the Board of Supervisors of the Town of Delafield, Barbara A. Hansen, individually and in her capacity as Supervisor of the Board of Supervisors of the Town of Delafield, et al., Defendants–Appellees.**

No. 93–3195.

United States Court of Appeals, Seventh Circuit.

Argued May 19, 1994.

Decided Sept. 21, 1994.

Mark M. Camp, Pfannerstill, Camp & Kreul, Wauwatosa, WI (argued), for plaintiff-appellant.

Michael J. Cieslewicz, Kasdorf, Lewis & Swietlik, Milwaukee, WI (argued), for defendants-appellees.

Before SPROUSE,* COFFEY and KANNE, Circuit Judges.

SPROUSE, Circuit Judge.

The Hartland Sportsman's Club appeals the district court's judgment, entered after a bench trial, in favor of the Town of Delafield, Wisconsin, on Hartland's claim, pursued under 42 U.S.C. § 1983, that the Town's imposition of restrictions on the operation of the club's Delafield facility violated its procedural and substantive due process rights guaranteed by the Fourteenth Amendment of the United States Constitution.

This case is essentially an appeal of a zoning decision, and the dispute underlying it reveals a somewhat informal administration of zoning laws by the Town of Delafield and some reluctance by Hartland to alleviate the concerns of its neighbors. These circumstances led the Board of Supervisors of the Town of Delafield ("Town Board") to issue a restrictive conditional use permit to the club in the spring of 1992. For reasons articulated below, we are of the view that the notices and procedures surrounding the issuance of the permit were constitutionally sufficient. Because this case does not present an exception to our prior rulings that a typical zoning dispute represents infertile grounds for law-

---

* The Honorable James M. Sprouse, Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

suits based on substantive due process claims, we also affirm the substantive due process holding of the district court.

I

The facts relevant to this case date to 1939, when the Town of Delafield zoned itself into two districts: one residential and one business. In 1955, the Town Board approved Hartland's application for a permit to build a shooting range on forty acres of land in the residential district. Operation of a shooting range was not permitted in that district, but the 1939 ordinance provided for non-conforming uses.

The Town's zoning laws remained unchanged until 1960, when the Town's amendment of the 1939 ordinance placed Hartland's property in the A–2 Rural Home Zoning classification. Here, too, a shooting club could only be operated as a non-conforming use. In 1964, the Town Board set forth in writing the various restrictions under which the club had been operating over the years. Those restrictions included limited shooting hours and a requirement that the Town Board approve special events.

In 1968, Hartland applied for a conditional use permit to construct an indoor small bore rifle range. The Town Board issued the permit, continued the earlier limitations, and added further restrictions, including limits on the number of traps permitted and the number of members the club could have. In addition, the permit provided:

12. REVIEW BY TOWN BOARD: The Town Board retains the authority, upon written notice to applicant, its successors or assigns, to review the conditions of this permit whenever it has reasonable cause to believe that any of the conditions of this permit herein imposed are being violated. Upon hearing, after due notice given to applicant, the Board reserves jurisdiction to alter or change the conditions of this permit if reasonable cause for doing so is shown.

Hartland claims it declined to accept the permit because of the provisions contained in Paragraph 12.

As the Town of Delafield prospered and increased in population, the lands around the club were subdivided into residential communities. Between 1968 and 1991, a growing number of residents in the neighborhood of Hartland complained about the noise caused by the activities there. In 1986, club members met with the Town Board in an attempt to resolve the escalating complaints, and the Town Board proposed amending the 1968 conditional use permit. Efforts to reach a mutually satisfactory agreement on amendments, however, were unsuccessful. In the meantime, the general public's use of the club for sporting events was increasing, and it was frequently used by members of law enforcement agencies for training and shooting practice. All of these activities generated fees essential to financing Hartland's operations. The noise generated by the club's activities further increased with the introduction of sporting clays in 1988, and fifty-one neighbors sought relief from the noise by filing a petition with the Town Board on January 4, 1991.

After receiving the citizens' petition, the Board issued a notice of a meeting to be held on June 18, 1991, concerning the complaints. The meeting was attended by club members, neighbors, and the Town Board of Supervisors. All of these parties expressed their views. The meeting was continued until July 18, 1991, when the parties again had the opportunity to discuss their positions. These discussions failed to resolve the parties' differences, so the Board formed a Special Committee comprised of several members of the Town Board and the Plan Commission. The Special Committee held meetings with club members and complaining neighbors during the autumn of 1991 until Hartland withdrew from negotiations because neighbors had filed suit against it in state court.

The Special Committee advised the Board that there was reasonable cause to believe that some conditions of the 1968 use permit had been violated, and, on November 19, 1991, the Town Board served notice on Hartland that an administrative hearing had been scheduled for December 12, 1991, to review compliance with the 1968 permit and to consider the possibility of altering it. The notice

indicated that the hearing could be adjourned or continued as the nature of the proceedings required. It did not inform the club that it could call witnesses or that sworn testimony would be offered, but, on the day of the hearing, the Town's attorney sent the club's lawyer a facsimile copy of the format of the proceedings. At the hearing, the club's counsel made an opening statement, and several of its members testified under oath. No continuance or adjournment was requested.

Based on the Special Committee's report and the evidence introduced during the hearing, the Town Board issued a new conditional use permit to Hartland on May 29, 1992, citing the authority granted it by Paragraph 12 of the 1968 permit. The new permit added substantial restrictions on the hours of operation, required the club to obtain written approval from the Town Board to hold special activities, and limited the number of guests to one per member per day. Hartland contends that the new restrictions have virtually forced it to shut down.

On July 2, 1992, Hartland filed this suit in federal district court under 42 U.S.C. § 1983, claiming that the Town had violated its procedural and substantive due process rights and that it had taken the property without just compensation in violation of the Fifth Amendment. The club also accused the Town Board of conspiracy to deprive it of equal protection of the laws in violation of 42 U.S.C. § 1985. The district court granted summary judgment to the Town on the Fifth Amendment and conspiracy claims, and, after a bench trial, it also ruled in favor of the Town on the due process claims, 827 F.Supp. 562. Hartland appeals only the due process rulings.

## II

■ Hartland contends that the Town Board's failure to timely notify it of the precise format of the December 12, 1991, hearing to review and reconsider the terms of the 1968 conditional use permit was a violation of its right to procedural due process of law. We cannot agree.

Almost a half-century ago, the Supreme Court said that "notice [of a proceeding must be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). This rule has scarcely changed over the years. In *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14, 98 S.Ct. 1554, 1562–63, 56 L.Ed.2d 30 (1978), the Supreme Court instructed that the notice must give the affected person or entity sufficient information to permit adequate preparation for an impending hearing.

We think the November 19, 1991, notice given by the Town Board meets these criteria. Specifically, it informed Hartland of the purpose of the December hearing and provided sufficient information to enable the club to prepare for the proceeding. The hearing was the culmination of over six months of discussions among the Town Board, the Special Committee, Hartland, and citizens of Delafield. After having attended a series of meetings, all of the interested parties were abundantly familiar with the relevant issues, and the notice clearly stated that the reason for the hearing was to consider alterations to the 1968 conditional use permit. The formal nature of the December hearing is also apparent from the face of the document. The notice indicated that "[t]he hearing may be adjourned or continued from time to time as the nature of the proceedings requires." It warned "that failure to appear may result in alterations or changes in the conditions of the Conditional Use Permit, including termination of said Permit." In our view, Hartland was afforded constitutionally sufficient procedural due process.

## III

The gist of Hartland's substantive due process claim is that the Town Board of Delafield's amendment of the 1968 conditional use permit on May 29, 1992, deprived it of its long-vested right to operate a shooting club on its property. The club contends that the Town Board lacked statutory power to issue the 1968 permit, upon which it relied for its authority to impose the 1992 amendments. It asserts that the Town Board's amend-

ments restricting its operations, therefore, constituted an irrational and unauthorized act.

▮ Although the Town vigorously argues a contrary view, we agree with Hartland that the Town lacked statutory authority to issue the 1968 conditional use permit. In *State ex rel. Skelly Oil Co. v. City of Delafield*, 58 Wis.2d 695, 207 N.W.2d 585, 588 (1973), the Supreme Court of Wisconsin held that, under the version of Wis.Stat. § 62.23(7)(e) in effect in 1968, the exclusive power to pass upon conditional uses and other special exceptions to zoning classifications rested with the local board of zoning appeals. *Skelly Oil* involved the rejection of a conditional use by a city's common council, but its holding is not limited to cities; under Wis.Stat. § 61.35, the zoning authority of a town whose electors have adopted village powers is also governed by § 62.23(7)(e). *Town of Hudson v. Hudson Town Bd. of Adjustment*, 158 Wis.2d 263, 461 N.W.2d 827, 828 n. 4 (Wis.App.1990). The Town Board of Delafield relied on its adoption of village powers in enacting the 1960 zoning ordinance. Under *Skelly Oil*, therefore, when the Town Board granted Hartland's request to change its designation from a legal nonconforming use to a conditional use, it usurped the exclusive power of the board of zoning appeals to grant conditional use permits under § 62.23(7)(e).

▮ The Town's zoning action in violation of state law, however, does not in itself rise to the level of a violation of substantive due process. We made that quite clear in *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461 (7th Cir.1988). There, the plaintiffs had argued that a village's Board of Trustees lacked the authority under state law to disapprove its project and that the rejection denied it substantive due process. We rejected this argument and stated: "Something more is necessary than dissatisfaction with the rejection of a site plan to turn a zoning case into a federal case; and it should go without saying that the something more cannot be merely a violation of state (or local) law. A violation of state law is not a denial of due process of law." *Id.* at 467. Our court re-

quires that "in addition to showing that [a zoning] decision was arbitrary and irrational, the plaintiff must show either a separate constitutional violation or the inadequacy of state law remedies." *Polenz v. Parrott*, 883 F.2d 551, 558–59 (7th Cir.1989).

It is true that *Coniston* and *Polenz* involved denials of new applications for a particular use, whereas here, we are confronted with the Town Board's decision to deprive Hartland of a vested right [1] to use its property in a particular manner. It is also true that other circuits have sometimes recognized substantive due process claims when a municipality eliminated a property owner's right to use its property in a particular manner, *see, e.g., Resolution Trust Corp. v. Town of Highland Beach*, 18 F.3d 1536 (11th Cir. 1994); *Wheeler v. City of Pleasant Grove*, 664 F.2d 99 (5th Cir.1981), *cert. denied*, 456 U.S. 973, 102 S.Ct. 2236, 72 L.Ed.2d 847 (1982). We, however, have limited substantive due process challenges to government land-related decisions in this context as well.

In *Harding v. County of Door*, 870 F.2d 430 (7th Cir.), *cert. denied*, 493 U.S. 853, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989), for example, Harding had sought and received a building permit from a zoning administrator to construct time-share condominiums in Door County, Wisconsin. He commenced construction but was forced to stop when a neighbor complained, and the Door County Board of Adjustment responded to the complaint by overturning the zoning administrator's decision. Harding challenged the Board of Adjustment's action in state court and won, but by that time, he lacked the financing to complete the project. He then brought a § 1983 action alleging a violation of substantive due process on the ground that the Board of Adjustment's decision was irrational because the Board lacked the authority under state law to revoke a building permit once it was determined that the building complied with relevant zoning requirements. We upheld the district court's grant of summary judgment in favor of the county: "Plaintiff argues that the Board's zoning de-

---

1. *See Des Jardin v. Town of Greenfield*, 262 Wis. 43, 53 N.W.2d 784 (1952) (recognizing that con-

tinual lawful use of property in a particular manner gave rise to a vested interest in that use).

cision was irrational because it lacked authority under Wisconsin law.... This court, however, rejected a similar argument in *Coniston....*" *Id.* at 431. *See also Gamble v. Eau Claire County,* 5 F.3d 285 (7th Cir. 1993), (plaintiff precluded from bringing substantive due process challenge to county's allegedly improper revocation of operating permits when she had not pursued state judicial remedies), *cert. denied,* —— U.S. ——, 114 S.Ct. 1096, 127 L.Ed.2d 410 (1994).

Under these principles, we are of the view that Hartland's allegation of a violation of state law is insufficient by itself to support a substantive due process claim. Although Hartland alleges that the Town Board acted irrationally and arbitrarily without authorization of state law, Hartland failed to pursue its state remedies. Furthermore, it failed to show that the club's state remedies are inadequate. Under these circumstances, the club's failure to allege or prove that the Town Board's decision was based on race, ethnicity, religious belief, or any other constitutionally protected interest is fatal to its federal constitutional claim. *See Coniston,* 844 F.2d at 467.

The judgment of the district court is, therefore, affirmed.

AFFIRMED.