**2022 WI App 51**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.: 2021AP1764

Complete Title of Case:

**THOMAS G. MILLER,**

  **PLAINTIFF-RESPONDENT,**

 **V.**

**ZONING BOARD OF APPEALS OF THE VILLAGE
OF LYNDON STATION AND VILLAGE BOARD OF
LYNDON STATION,**

  **DEFENDANTS,**

**LARRY WHALEY AND KRISTI WHALEY,**

  **INTERVENORS-APPELLANTS.**

| | |
|---|---|
| Opinion Filed: | August 25, 2022 |
| Submitted on Briefs: | March 10, 2022 |

| | |
|---|---|
| JUDGES: | Kloppenburg, Fitzpatrick, and Graham, JJ. |
|  Concurred: | |
|  Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the intervenors-appellants, the cause was submitted on the briefs of *Mitchell R. Olson* of *Axley Brynelson, LLP*, Madison. |

Respondent
ATTORNEYS:           On behalf of the plaintiff-respondent, the cause was submitted on the
                     brief of *Kathleen Henry* of *Dairyland Public Interest Law*, Madison.

| | |
|---|---|
| **COURT OF APPEALS DECISION DATED AND FILED**<br><br>**August 25, 2022**<br><br>Sheila T. Reiff<br>Clerk of Court of Appeals | **NOTICE**<br><br>This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.<br><br>A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62. |

| | |
|---|---|
| **Appeal No.    2021AP1764** | **Cir. Ct. No.  2020CV178** |
| **STATE OF WISCONSIN** | **IN COURT OF APPEALS** |

THOMAS G. MILLER,

   PLAINTIFF-RESPONDENT,

V.

ZONING BOARD OF APPEALS OF THE VILLAGE OF LYNDON STATION, AND VILLAGE BOARD OF LYNDON STATION,

   DEFENDANTS,

LARRY WHALEY AND KRISTI WHALEY,

   INTERVENORS-APPELLANTS.

APPEAL from an order of the circuit court for Juneau County: WILLIAM ANDREW SHARP, Judge. *Reversed*.

Before Kloppenburg, Fitzpatrick, and Graham, JJ.

¶1      GRAHAM, J. Larry and Kristi Whaley appeal a circuit court judgment that reversed a decision by the Village of Lyndon Station Zoning Board of Appeals (the "Village ZBA").[1]  In its decision, the Village ZBA upheld the vote by the Village Board of Lyndon Station (the "Village Board") to rezone the Whaleys' property and, in so doing, necessarily determined that there was no error in the legislative process used by the Village Board to accomplish the rezoning. Thus, although this case comes to us as a certiorari review of the Village ZBA's decision to uphold the Village Board's vote, our review turns on whether the process used by the Village Board violated the due process rights of Thomas Miller, a Lyndon Station resident who opposed the rezoning.  Specifically, Thomas Miller's due process challenge is based on the fact that Village Board Trustee Jan Miller, who is Kristi Whaley's mother, participated in the proceedings to rezone the Whaleys' property.[2]

¶2      On appeal, the Whaleys assert that the circuit court lacked "jurisdiction" or "authority" to consider whether there was an error in the Village Board's rezoning proceedings and, further, that the participation and vote of an allegedly partial trustee did not violate due process.  We conclude that the circuit court had jurisdiction and authority to consider whether there was an error in the

---

[1] At times, the parties refer to the Village ZBA as the "Village Board of Adjustment." Consistent with the statute that mandates the creation of this entity, WIS. STAT. § 62.23(7)(e) (2019-20), and the Village ordinance creating it, VILLAGE OF LYNDON STATION, WIS., CODE § 395-17 (Aug. 10, 2009), we instead use the title Village of Lyndon Station Zoning Board of Appeals, which we shorten to "Village ZBA."

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted. All references to the Village of Lyndon Station Ordinances are to the version adopted August 10, 2009.

[2] Thomas Miller and Jan Miller are not related.  For clarity, we refer to Jan Miller as "Trustee Miller" throughout this opinion.

Village Board's legislative process, and that Thomas Miller's arguments about Trustee Miller's participation in the rezoning proceedings fit within the proper scope of certiorari review. However, we reverse the circuit court on the merits, concluding that the Village ZBA correctly determined that the Village Board's rezoning decision was not in error as a result of Trustee Miller's participation and vote.

## BACKGROUND

¶3 Larry and Kristi Whaley own a 1.87 acre vacant lot in the Village of Lyndon Station, a municipality with a population of just under 500. We refer to the Whaleys' lot as "the subject property" throughout this opinion.

¶4 The subject property is surrounded almost entirely by commercial property. However, at the time the Whaleys purchased it, the subject property was zoned as G1-Residential, a classification that does not allow for commercial development. The Whaleys then entered into a contract to sell the subject property, allegedly for a significant profit, to a third party for future commercial development. The contract was contingent on the Whaleys obtaining the zoning approvals necessary to allow for commercial development of the subject property.

¶5 Based on materials in the administrative record, we understand that the Village uses the following process when considering a property owner's request for rezoning. First, the property owner files a rezoning application with the Village Board,[3] and the Village Board refers the application to the Village Plan Commission

---

[3] The Village Board is the Village's governing body. It is comprised of three trustees, including the Village president. *See* VILLAGE CODE § 115-2. It is tasked with adopting, amending, and repealing the Village's ordinances, including its zoning ordinance. *See, e.g.*, VILLAGE CODE §§ 1-4; 1-8; 1-12; 1-21.

for a recommendation and report.[4] The Plan Commission then holds a public meeting (preceded by public notice), and it votes on whether to recommend the adoption of a resolution amending the zoning ordinance consistent with the property owner's application. If the Plan Commission votes to recommend the adoption of a resolution, the Village Board schedules a public hearing (also preceded by public notice). At the public hearing, the Village Board is required to take public comment and "consider statements made by the applicant and anyone else who wishes to be heard." The Village Board then votes on whether to adopt the resolution to amend the Village's zoning ordinance.

¶6    In this case, consistent with the process described above, the Whaleys submitted an application to the Village Board requesting that the subject property be rezoned from residential to commercial. The issue presented by this appeal relates to Trustee Jan Miller's participation in the proceedings that followed. At all relevant times, Trustee Miller was chair of the Plan Commission and a trustee on the Village Board. She is also Kristi Whaley's mother and lived with the Whaleys at all relevant times.

¶7    At a subsequent Village Board meeting, held after the Whaleys submitted their rezoning application, Village residents questioned whether Trustee Miller had a conflict of interest that would prevent her from voting on the application. In response, the Village's attorney asserted that "Trustee Miller does not have a conflict of interest as she does not receive nor will be receiving any

---

[4] The Plan Commission is a local administrative body tasked with adopting zoning recommendations. *See, e.g.*, VILLAGE CODE § 101.13. The Plan Commission lacks the power to adopt, amend, or repeal zoning ordinances, and instead must refer its recommendations to the Village Board. **Id.**

monetary values from the rezoning of the property in question." WISCONSIN STAT. § 19.59 is the statutory provision governing conflicts of interest for local government officials, and the meeting minutes note that the Village's attorney "explained [its provisions] in detail."[5] The minutes also note that "there were a few questions from the audience," but the record does not reveal their substance.

¶8 The Plan Commission held a meeting and voted 3-1 in favor of recommending that the Village Board adopt a resolution consistent with the Whaleys' rezoning application. Trustee Miller participated in the Plan Commission's proceedings and voted to recommend the resolution to the Village Board.

¶9 The Village Board held a public hearing on the Plan Commission's recommendation. Two residents spoke in favor of the Whaleys' application, and nine residents, including Thomas Miller, spoke against it. Miller, who is the plaintiff-respondent in this matter, owns and operates Miller's General Store and three rental properties, all located within the vicinity of the subject property in the Village of Lyndon Station. Miller opposed the rezoning because he believed that the property would be developed by a competing chain store, which he contended

---

[5] The meeting notes indicate that the attorney actually cited WIS. STAT. § 19.46, which is a parallel statutory provision governing conflicts of interest of state public officials. *See* § 19.46(1), (3). However, the operative provisions at issue in this case contain the same language, and it does not appear that the mistaken statutory reference would have had any effect on the attorney's explanation of the pertinent law.

The record does not disclose, and the parties do not discuss, whether the Village's attorney provided his remarks pursuant to WIS. STAT. § 19.59(5)(a), which states that "any individual, either personally or on behalf of an organization or governmental body, may request of … [an] attorney for a local governmental unit an advisory opinion regarding the propriety of any matter to which the person is or may become a party." Such an advisory opinion "is prima facie evidence of intent to comply with [§ 19.59] or any ordinance enacted under [§ 19.59] when a person … abides by the advisory opinion." *See* § 19.59(5)(a).

would cause his store "to go out of business" and would detrimentally impact the aesthetics, character, and finances of the Village.

¶10 During the hearing, other residents commented on Trustee Miller's participation in the vote. One resident questioned "the ethics of Trustee Jan Miller and her ability to vote on the rezoning issue," and another stated that "Trustee Miller should not be allowed to vote and should [abstain] from the vote." Trustee Miller did not recuse herself, and the Village Board ultimately voted 2-1, with Trustee Miller voting with the majority, to adopt the resolution amending the Village's zoning ordinance consistent with the Whaleys' rezoning application.[6] Accordingly, Trustee Miller provided the decisive vote in favor of the resolution.

¶11 Following the Village Board's decision, Miller appealed to the Village ZBA, which held a public hearing on the appeal. One of Miller's several arguments was that "there was a clear conflict of interest involving the vote from Trustee Jan Miller." The Village ZBA voted 3-2 to uphold the Village Board's rezoning decision, and it sent Miller written notice of its decision.

¶12 Miller then filed a summons and complaint seeking certiorari review of the Village ZBA's decision pursuant to WIS. STAT. § 62.23(7)(e)10. As one basis for his complaint, he alleged that it was improper for Trustee Miller to have participated in the Village Board's proceedings and vote.[7]

---

[6] According to the minutes, the trustee who voted against the resolution did so because "she needed more information."

[7] Miller also argued that the notices and agendas for all three meetings (that is, by the Plan Commission, the Village Board, and the Village ZBA) were inadequate; that the hearing held by the Village ZBA was not public; and that the formation of the Village ZBA violated due process and the Village Code. Miller does not renew these arguments on appeal, and we address them no further.

¶13     The Village ZBA responded with a motion for judgment on the pleadings.  It argued that rezoning is a legislative act, and that it had erred in accepting and considering Miller's appeal because the Village ZBA lacks authority to review a legislative decision by the Village Board.  It further argued that a circuit court cannot declare a rezoning ordinance void, and that legislative rezoning decisions cannot be challenged by certiorari review.

¶14     Miller subsequently amended his summons and complaint, adding the Village Board as a defendant.  The Village Board and the Village ZBA filed a joint motion for judgment on the pleadings, again asserting that the rezoning decision could not be challenged by certiorari review.  The circuit court denied the joint motion for judgment on the pleadings.  The Whaleys moved to intervene in the lawsuit, and the circuit court granted their motion.[8]

¶15     Thereafter, Miller filed a motion seeking judgment in his favor.[9]  He argued that the Village Board and Village ZBA's votes were unlawful for various

---

[8]  In some circuit court filings, the Whaleys were identified as "Intervenors-Defendants," and the caption in this court originally identified them as "Intervenors-Defendants-Appellants." Yet, the Whaleys are not properly characterized as "Defendants" as Miller has not filed any legal claim against them.  Accordingly, we have amended the caption to remove this designation.

[9]  Although Miller titled his motion as a motion for summary judgment, the circuit court construed the motion as a request for a final decision on certiorari review.  We agree with that approach to Miller's motion.  The summary judgment methodology, in which the court considers a factual record developed by the parties during the circuit court proceeding and determines whether there are genuine disputes of material fact that must be resolved at trial, is not consistent with the methodology and scope of certiorari review.  *See* ***Step Now Citizens Grp. v. Town of Utica Plan. & Zoning Comm.****,* 2003 WI App 109, ¶50, 264 Wis. 2d 662, 663 N.W.2d 833 (appearing to conclude that there is no summary judgment on certiorari review).  As further discussed later in this opinion, *infra* ¶¶18, 29, during certiorari review, a court is generally limited to the record that existed before the government entity or agency, and the court generally defers to factual findings made by that entity or agency.  In other words, while the purpose of summary judgment is to determine whether a trial in the circuit court is necessary, in a certiorari action, the proceedings that led to a decision have already occurred, and the purpose of the certiorari review is to test the validity of the decision that was made during those proceedings, based on the record that existed before the decision-making entity or agency.

reasons, but as pertinent here, he argued that: (1) Trustee Miller's participation in the proceedings before the Village Board was a conflict of interest in violation of WIS. STAT. § 19.59(1)(c); and (2) this conflict of interest violated Miller's constitutional due process right to a fair and impartial hearing. Miller also argued that, to the extent that § 19.59(1)(d) allowed Trustee Miller to participate in the rezoning process, the statute was itself unconstitutional. The Village ZBA, the Village Board, and the Whaleys opposed the motion on various grounds. Among other things, the Village ZBA and Village Board repeated their earlier contention that the circuit court was not authorized to conduct certiorari review of either the Village Board's rezoning decision or the Village ZBA's decision to uphold the rezoning decision.

¶16    Following briefing by the parties, the circuit court reversed the Village ZBA's decision. The court concluded that the Village ZBA had the authority to consider Miller's appeal of the Village Board's decision and that the court had the authority to review the decisions of the Village ZBA and the Village Board alike. The court did not address whether Trustee Miller had violated WIS. STAT. § 19.59(1)(c) and further concluded that Miller's argument that § 19.59(1)(d) is unconstitutional was "moot." It instead rested its reversal on a determination that Trustee Miller's participation in the Village Board's proceedings and vote violated Miller's due process right to a fair and impartial hearing.

¶17    The Whaleys appeal the circuit court's order.[10] The Village ZBA and Village Board did not appeal the adverse determination by the circuit court and are not parties to this appeal.

---

[10] Miller does not dispute that the Whaleys have standing to bring this appeal.

8

**DISCUSSION**

¶18 Our review of the Village ZBA's decision in this case is by way of WIS. STAT. § 62.23(7)(e)10., which creates a statutory mechanism for certiorari review. *See* WIS. STAT. § 61.35 (stating that § 62.23 applies to villages). Certiorari review is the appropriate mechanism to challenge the validity of local governmental decisions—whether characterized as legislative or judicial in nature. ***Voters with Facts v. City of Eau Claire***, 2018 WI 63, ¶25, 382 Wis. 2d 1, 913 N.W.2d 131; ***Ottman v. Town of Primrose***, 2011 WI 18, ¶34, 332 Wis. 2d 3, 796 N.W.2d 411. When conducting certiorari review, a court reviews the record compiled by the local governmental body, and generally does not take any additional evidence on the merits of the decision. ***State ex rel. Brookside Poultry Farms, Inc. v. Jefferson Cnty. Bd. of Adjustment***, 131 Wis. 2d 101, 119, 388 N.W.2d 593 (1986). Additionally, the court affords a presumption of correctness and validity to the local governmental body's decision. ***Voters with Facts***, 382 Wis. 2d 1, ¶71. On appeal of a circuit court certiorari decision, we review the decision of the local governmental body, not the decision of the circuit court. *See* ***Bratcher v. Housing Auth. of Milwaukee***, 2010 WI App 97, ¶10, 327 Wis. 2d 183, 787 N.W.2d 418; ***State ex rel. Bruskewitz v. City of Madison***, 2001 WI App 233, ¶11, 248 Wis. 2d 297, 635 N.W.2d 797.

¶19 In their appellate briefs, the parties appear to dispute which decision we are reviewing—the Village Board's decision to amend the zoning ordinance, or the Village ZBA's decision to uphold the Village Board's decision to amend the zoning ordinance. At bottom, the issue—whether Trustee Miller's participation in the Village Board's proceedings violated any statutory or constitutional provision—is the same whether we are reviewing the decision by the Village Board or the decision by the Village ZBA. We nevertheless pause to clarify that Miller timely

sought certiorari review of the Village ZBA's decision and, therefore, we will review the decision and record compiled by the Village ZBA.[11]  In so doing, we observe that, as discussed at greater length in a footnote below, *infra* n.12, none of the parties to this appeal argue that the Village ZBA lacked statutory authority to review whether there was an error in the process the Village Board used to rezone the subject property.

¶20     What remains of the parties' disputes can be stated as two related issues.  First, the parties dispute whether the circuit court had the "jurisdiction" or "authority" to consider whether there was an error in the process used by the Village Board, and, if so, the proper scope of the circuit court's review.  Second, the parties dispute whether Trustee Miller's participation and vote in the Village Board's proceedings violated Miller's constitutional right to due process.  Both issues implicate a threshold question about the nature of the Village Board's decision to rezone the subject property and whether it can be characterized as a "legislative" action.  Accordingly, we consider that threshold question first, explaining why the Village Board's rezoning decision was a legislative act.  After reaching that threshold determination, we address the parties' remaining disputes.

## I.  Rezoning is a Legislative Function

¶21     The Whaleys contend the Village Board's decision to rezone their property was a legislative act.  Although Miller does not appear to concede this

---

[11] Miller makes a related argument about forfeiture that is meritless.  He asserts that, by incorrectly stating that the circuit court reversed the Village Board's decision, the Whaleys have failed to refute the grounds upon which the court ruled and have therefore forfeited their right to appellate review.  We disagree.  As stated above, we review the decision of the governmental body, not the decision of the circuit court.  Therefore, the circuit court's reasoning, while potentially instructive, is not germane to our review of the governmental body's decision.  Therefore, under these circumstances, the Whaleys' possible mischaracterization of the circuit court's decision does not result in forfeiture.

issue, he also does not develop any argument to the contrary. Based on Miller's failure to develop any contrary argument, we could take this point as conceded. *See Charolais Breeding Ranches Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments may be deemed conceded); *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we may decline to review issues that are inadequately briefed or have undeveloped legal arguments). We nevertheless take this opportunity to provide additional background on zoning and to explain why we agree with the Whaleys that rezoning is considered to be a legislative act.

¶22 State legislatures empower local legislative bodies to zone through zoning enabling statutes. WISCONSIN STAT. § 62.23(7) grants cities the power to adopt zoning ordinances, and WIS. STAT. § 61.35 confers those same powers upon villages. As previously discussed, the Village Board is statutorily entrusted with enacting, amending, or repealing the Village's zoning ordinance. *See, e.g.*, §§ 61.35, 62.23(7); VILLAGE OF LYNDON STATION, WIS., CODE §§ 1-4; 1-8; 1-12; 1-21.

¶23 A village "zones" by adopting a comprehensive plan and zoning ordinance. Zoning ordinances are legislation; they create prospective rules of general applicability rather than implementing preexisting rules with respect to historic facts. Zoning is therefore considered to be a legislative act. *Buhler v. Racine Cnty.*, 33 Wis. 2d 137, 146, 146 N.W.2d 403 (1966); *Willow Creek Ranch, L.L.C. v. Town of Shelby*, 2000 WI 56, ¶¶28, 41, 235 Wis. 2d 409, 611 N.W.2d 693.

¶24 Likewise, petitions to rezone one or more parcels "are in essence proposed amendments to a [village's] zoning ordinances." *Schmeling v. Phelps*,

212 Wis. 2d 898, 902, 569 N.W.2d 784 (Ct. App. 1997). An amendment to an ordinance is legislation "since it changes the ordinance but does not execute or implement its provisions." *Quinn v. Town of Dodgeville*, 122 Wis. 2d 570, 585, 364 N.W.2d 149 (1985).

¶25 To be clear, that is not to say that all actions related to zoning are legislative in nature. A municipality may, for example, grant a variance excusing a particular property from complying with aspects of a zoning ordinance. A municipality may also determine that some specific use of a particular property is a legal, nonconforming use. These types of actions have been described as quasi-judicial determinations that require application, implementation, or execution of the zoning ordinance as to a particular set of facts and circumstances. *See State v. Outagamie Cnty. Bd. of Adjustment*, 2001 WI 78, ¶41, 244 Wis. 2d 613, 628 N.W.2d 376 (describing the act of granting variances as a quasi-judicial determination); *Step Now Citizens Grp. v. Town of Utica Plan. & Zoning Comm.*, 2003 WI App 109, ¶48, 264 Wis. 2d 662, 663 N.W.2d 833 (describing legal nonconforming use determinations as a quasi-judicial decision); *State v. Kenosha Cnty. Bd. of Adjustment*, 218 Wis. 2d 396, 415, 577 N.W.2d 813 (1998) (abrogated on other grounds by *State ex rel. Ziervogel v. Washington Cnty. Bd. of Adjustment*, 2004 WI 23, ¶¶3-8, 269 Wis. 2d 549, 676 N.W.2d 401) (same).

¶26 That said, our precedents firmly establish that, unlike the above-described quasi-judicial acts, the act of rezoning is as legislative in nature as drafting and adopting a zoning ordinance in the first instance. *Quinn*, 122 Wis. 2d at 584; *Schmeling*, 212 Wis. 2d at 902. Although rezoning a single parcel may be a fact-intensive, individualized determination, it remains that rezoning involves amending the zoning ordinance, and a village's enactment of an amendment to a zoning ordinance is legislation whether it affects multiple parcels and property owners or

12

only one. *Quinn*, 122 Wis. 2d at 584. Accordingly, the Village Board's decision to rezone the subject property from residential to commercial, which required amendment to the Village's zoning ordinance, *see, e.g.*, VILLAGE CODE § 395-17, was plainly a legislative act.[12]

## II. Judicial Authority to Review the Village Board's Legislative Act

¶27    On appeal, the Whaleys assert that courts lack "jurisdiction" or "authority" to consider any error of the Village Board's rezoning decision because rezoning is a legislative act. We discern three aspects to the Whaleys' argument, each of which we address in turn.

---

[12] As mentioned above, during the circuit court proceedings, the Village ZBA and the Village Board took the position that the Village ZBA should not have considered Miller's appeal because it lacks the statutory authority to review legislative decisions by the Village Board. The Village ZBA and the Village Board are not appellants in this case, and the Whaleys have not renewed the argument about the Village ZBA's statutory authority on appeal.

Under the circumstances, we confine our review to the issues that the parties renew on appeal. We nevertheless pause to briefly comment on the issue of the Village ZBA's authority, lest our discussion be mistaken as a determination that it had statutory authority to review the legislative process used by the Village Board to rezone the subject property. Our supreme court has likened zoning boards of appeal to local administrative agencies, *State ex rel. Tingley v. Gurda*, 209 Wis. 63, 67-68, 243 N.W.2d 317 (1932), and as such their powers are limited by the statutes creating and defining their authority. *Ledger v. City of Waupaca Bd. of Appeals*, 146 Wis. 2d 256, 263, 430 N.W.2d 370 (1988). The pertinent statute, WIS. STAT. § 62.23(7)(e), states that such boards have authority to authorize variances, to grant special exceptions to a zoning ordinance, and to correct errors by administrative officials in enforcing the zoning ordinance. *See also Tingley*, 209 Wis. 2d at 67-68 ("generally, their powers of review are limited to practical difficulties, or unnecessary hardship in the way of carrying out the strict letter of the law"); *Kmiec v. Town of Spider Lake*, 60 Wis. 2d 640, 645-46, 211 N.W.2d 471 (1973). In *Ledger*, 146 Wis. 2d at 261-62, we determined that WIS. STAT. § 62.23(7)(e) (1987-88) did not give the city's zoning board of appeals authority to "rule that a portion of a duly-enacted city rezoning ordinance was invalid and unenforceable." We explained that "'it is hardly to be assumed that the legislature intended to clothe a mere administrative agency with the power to repeal the legislative acts of the [local government's legislative body.]'" *Id.* at 264 (quoting *Tingley*, 209 Wis. 2d at 67-68). Likewise, in *Kmiec*, 60 Wis. 2d at 646, our supreme court concluded that zoning boards of appeal are "clothed with no right to repeal or declare unconstitutional zoning ordinances enacted by the legislative body from which it derives its existence." Accordingly, the circuit court erred when it determined that the Village ZBA had authority to review the Village Board's rezoning decision.

¶28 First, to the extent the Whaleys are arguing that courts lack any jurisdiction or authority to consider any purported error in municipal legislative decisions, we disagree. The availability of certiorari review is well established by our precedents. As stated above, certiorari review is the appropriate mechanism for a court to test the validity of a decision rendered by local government, whether that decision is characterized as judicial or legislative in nature. *Voters with Facts*, 382 Wis. 2d 1, ¶25; *Ottman*, 332 Wis. 2d 3, ¶¶34-36 (providing that common law certiorari is available to test the validity of a municipality's decision when there is no express statutory method of certiorari review). More to the point, courts have previously reviewed denials of requests to rezone property by way of certiorari. *See Thorp v. Town of Lebanon*, 225 Wis. 2d 672, 688, 593 N.W.2d 878 (Ct. App. 1999), *aff'd*, 2000 WI 60, 235 Wis. 2d 610, 612 N.W.2d 59 (citing *State ex rel. Madison Landfills, Inc. v. Dane Cnty.*, 183 Wis. 2d 282, 285, 515 N.W.2d 322 (Ct. App. 1994)). And, in *Sills v. Walworth County Land Management Committee*, we confirmed that certiorari review "is an appropriate forum for allegations of unfairness in a zoning proceeding" including alleged deprivations of procedural due process. *Sills v. Walworth Cnty. Land Mgmt. Comm.*, 2002 WI App 111, ¶40, 254 Wis. 2d 538, 648 N.W.2d 878.

¶29 Second, to the extent that the Whaleys are arguing that Miller's argument does not fit within the confines of the proper scope of judicial review regarding local legislative decisions, we also disagree. Generally, the scope of certiorari review is articulated as being limited to the following four inquiries: "(1) whether the [local body] kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that [the local body] might reasonably make the order or determination in question."

14

*Hanlon v. Town of Milton*, 2000 WI 61, ¶23, 235 Wis. 2d 597, 612 N.W.2d 44; *Williams v. Integrated Cmty. Servs., Inc.*, 2007 WI App 159, ¶11, 303 Wis. 2d 697, 736 N.W.2d 226; *Ottman*, 332 Wis. 2d 3, ¶35.

¶30    The Whaleys reject the traditional scope of certiorari review and assert that a narrower scope applies when considering any purported error in local legislative decisions. Citing *Quinn*, 122 Wis. 2d at 586, and *Cushman v. City of Racine*, 39 Wis. 2d 303, 307, 159 N.W.2d 67 (1968), they contend that, because zoning is "a legislative function, judicial review is limited, and judicial interference is restricted to cases of abuse of discretion, excess of power, or error of law." The Whaleys urge that this three-pronged articulation applies here, rather than the four-pronged scope articulated above. *See Hanlon*, 235 Wis. 2d 597, ¶23.

¶31    *Quinn* and *Cushman* involved declaratory judgment actions, not certiorari actions, and, therefore, their precedential value in this case is limited. In any event, we perceive no conflict between the scope of review articulated in *Quinn* and *Cushman* and the scope of certiorari review as it applies to the challenge at issue in this case. Here, Miller argues that the ZBA's decision to uphold the Village Board's decision is legally erroneous because Trustee Miller had a conflict of interest, and that her participation in the Village Board's proceedings and vote violated due process. On certiorari review, a court is permitted to review whether a municipality "acted according to law," and a violation of due process constitutes an error of law. *See Marris v. City of Cedarburg*, 176 Wis. 2d 14, 24 & n.5, 498 N.W.2d 842 (1993) (citing *State v. Goulette*, 65 Wis. 2d 207, 215, 222 N.W.2d 622 (1974)).

¶32     Third, to the extent the Whaleys are arguing that Miller has not carried his burden to demonstrate an error of law, as he is required to do to prevail in this certiorari review, we agree for the reasons we now discuss.

### III.  No Right to an Impartial Decisionmaker

¶33     Miller contends that the Village Board committed a procedural error because Trustee Miller (who we assume for the purposes of this opinion was partial to her daughter and son-in-law's rezoning request)[13] participated in the proceedings and vote by the Village Board.  The Whaleys argue that the Village Board committed no error in making its rezoning decision because Trustee Miller's participation was consistent with WIS. STAT. § 19.59(1)(c) and (d).  On appeal, Miller does not argue that Trustee Miller's participation violated § 19.59(1)(c) and (d), nor does he argue that the statute that allows her participation is unconstitutional.  Miller instead cites *Marris* to support an argument that Trustee Miller's participation violated his constitutional right to due process.  We address the statute and due process in turn, ultimately concluding that the Village Board committed no error in making its rezoning decision.

¶34     As noted, the parties now agree that Trustee Miller's participation did not violate WIS. STAT. §§ 19.41-19.59, which set forth a code of ethics for public officials and employees.  Paragraph 19.59(1)(c) provides that a local public official is generally barred from taking official actions in which the official or an immediate family member has a substantial financial interest:

> Except as otherwise provided in par. (d), no local
> public official may:

---

[13] We therefore do not address the Whaleys' contention that Miller has not proven that Trustee Miller was impartial as a result of her relationship with her daughter and son-in-law.

1. Take any official action substantially affecting a matter in which the official, [or] a member of his or her immediate family … has a substantial financial interest.

2. Use his or her office of position in a way that produces or assists in the production of a substantial benefit, direct or indirect, for the official, [or] one or more members of the official's immediate family either separately or together[.]

Standing alone, this paragraph could be read to prevent Trustee Miller from participating in the proceedings on the Whaleys' rezoning application, provided that the Whaleys are considered "immediate family members."

¶35 However, the paragraph that immediately follows WIS. STAT. § 19.59(c) contains an exception for actions that modify a municipal ordinance, and that exception is applicable here. Paragraph 19.59(1)(d) provides:

Paragraph (c) does not prohibit a local public official from taking any action concerning the lawful payment of salaries of employee benefits or reimbursement of actual and necessary expenses, *or prohibit a local public official from taking official action with respect to any proposal to modify a county or municipal ordinance*.

(Emphasis added.) As discussed above, rezoning the subject property from residential to commercial required the Village Board to amend or "modify" VILLAGE CODE § 395-17. *See Quinn*, 122 Wis. 2d at 584. Although Trustee Miller's participation may have raised questions among some Village residents, she was exempted from the prohibitions in WIS. STAT. § 19.59(1)(c) by the exception outlined in § 19.59(1)(d).

¶36 We now address Miller's argument that Trustee Miller's participation violated due process. As we have discussed, WIS. STAT. § 19.59(1)(c) and (d) expressly and unambiguously allowed Trustee Miller to participate in the Village Board's proceedings. Yet, on appeal, Miller makes no argument that this statutory

17

provision is unconstitutional, whether facially or as applied. Miller fails to explain how we could conclude that due process required the members of the Village Board to be impartial when the statute, which allows Trustee Miller's participation, does not itself violate due process. This alone forecloses Miller's due process argument.

¶37 Instead of developing an argument that the statute is unconstitutional, Miller's due process argument relies exclusively on his interpretation and application of *Marris*. *See Marris*, 176 Wis. 2d at 24 (recognizing that due process, the meaning of which is informed by common law notions of fair play, may require a decisionmaker's recusal even in the absence of any explicit statutory command). For reasons we now explain, *Marris* is inapt and does not support Miller's argument.

¶38 In *Marris*, the Wisconsin Supreme Court reversed a decision by the City of Cedarburg that Marris's property had lost its legal nonconforming use status. *Id.* at 20. The question before the City turned on whether "the total lifetime structural repairs or alterations" to Marris's property exceeded fifty percent of the property's assessed value. *Id.* at 23. Under the City's ordinance, if the answer was yes, then the property lost its legal nonconforming use status. *Id.* Marris argued that the work done to her property did not constitute "structural repairs or alterations" and, therefore, the property retained its status. *Id.* at 31-34. Prior to the hearing scheduled to address this question, the chairman of the board made comments suggesting that he had prejudged Marris's legal argument and was biased against her. *Id.* at 23, 27-29.

¶39 Marris alleged that the board's decision was unlawful because she was deprived of a fair and impartial hearing due to the chairperson's participation. *Id.* at 24-25. Our supreme court drew upon cases recognizing a "common law duty of disqualification" to conclude that due process requires impartial decisionmakers in

*some zoning matters.* *See id.* at 24 n.5 (citing ***Kachian v. Optometry Examining Bd.***, 44 Wis. 2d 1, 13 & n.14, 170 N.W.2d 743 (1969)) ("the common law rule of disqualification applicable to judges extends to every tribunal exercising judicial or quasi-judicial functions"); ***Guthrie v. WERC***, 111 Wis. 2d 447, 451, 331 N.W.2d 331 (1983) (quoting ***Withrow v. Larkin***, 421 U.S. 36, 46 (1975) ("[T]he rule [requiring an impartial decisionmaker] 'applies to administrative agencies which adjudicate as well as to courts.'")). The court then recognized that, in the zoning matter at issue, due process required an impartial decisionmaker to determine whether Marris's property retained its legal nonconforming use status.

¶40    The ***Marris*** decision implicitly recognized, however, that due process does not require impartial decisionmakers in all zoning matters. ***Marris***, 176 Wis. 2d at 25-26. In deciding whether the circumstances require impartiality, ***Marris*** stated that the features of the particular hearing, rather than the rigid categories of "quasi-legislative" or "quasi-judicial," should be determinative. ***Id.*** at 25 & n.6. In Marris's case, the nature of the zoning board of appeals' decision and the characteristics of the hearing required impartiality. ***Id.*** at 26. Specifically, the decision in Marris's case involved application of the zoning ordinance to a particular set of facts and circumstances. ***Id.*** at 25. To render a decision, the zoning board of appeals would have to examine the activities of a particular property owner, engage in fact finding, and then make a decision based on pre-established criteria. ***Id.***

¶41    Although ***Marris*** cautioned courts against relying exclusively on the labels of "quasi-judicial" and "quasi-legislative" to determine what due process requires, ***id.*** at 25 & n.6, all of the cases ***Marris*** relied upon to find a due process right to an impartial decisionmaker recognized such a right only in court proceedings, or in quasi-judicial settings where agency decisionmakers were adjudicating. ***Id.*** at 24-25. None of the cases cited by ***Marris*** recognized such a

right in the context of a decisionmaker who is "taking official action with respect to [a] proposal to modify a county or municipal ordinance," WIS. STAT. § 19.59(1)(d), and whose participation in the proceeding is therefore governed by that statute. Tellingly, in *Step Now Citizens Group*, 264 Wis. 2d 662, ¶¶47-48, we also reviewed a Town's decision to rezone a single parcel of land and rejected *Marris*'s applicability to that decision. As we explained, "*Marris* addressed a property owner's request for approval for a proposed change in the use of a building and … involved a quasi-judicial proceeding, not a discretionary legislative decision such as the one before us here." *Id.* (internal citations omitted).

¶42 In sum, *Marris* does not support Miller's argument that due process required the members of the Village Board to be impartial.

## CONCLUSION

¶43 For the reasons stated above, we reverse the circuit court's order. As a result, the decision of the Village ZBA to uphold the Village Board's decision to rezone the Whaleys' property is reinstated.

*By the Court.*—Order reversed.